IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

MARY WILLIAMS                                                                      PLAINTIFF

V.                                              CIVIL ACTION NO.4:13CV225-SAA

WINONA MANOR HEALTHCARE, LLC, et al.                          DEFENDANTS

## REPORT AND RECOMMENDATION

This matter is before the court on the motion of the defendants to enforce the settlement agreement and to dismiss this action with prejudice (# 35). After considering the motion and conducting an evidentiary hearing, the court recommends as follows:

## I. FACTS

The plaintiff filed the present action after being terminated from her employment with Winona Manor Healthcare, alleging, *inter alia,* that the defendants terminated her based on her race in violation of Title VII of the Civil Rights Act. On June 23, 2014, the court held a settlement conference in the present action, and after approximately five hours, the parties reached a settlement agreement. The settlement conference was a typical one, with the parties beginning in chambers before the court separated them and worked with each side individually throughout most of the remaining time. The parties spent the great majority of time attempting to agree to an amount of money that would satisfy all of them. Once the parties agreed to a particular sum, additional terms were discussed, and once everyone agreed to those terms, the court brought all parties and their counsel into the courtroom and dictated into the record what it believed the terms to be. Those terms were as follows:

    1. The defendants agreed to pay an amount of money that would remain confidential.

2. The defendants would use their best efforts to get the funds to the plaintiff no more than fifteen days after she signed the settlement agreement.

3. The agreement was to be a global one – that is, the plaintiff would release both defendants from the present action.

4. All parties agreed they would not disparage the other.

5. The plaintiff agreed she would never again apply for a position with Winona Manor Healthcare.

6. That twenty percent of the proceeds would be treated as taxable income.

Once the court dictated these findings into the record, it asked whether the parties agreed, disagreed, or had anything to add. Defense counsel spoke first and explained that it intended to make its best efforts to get the funds to the plaintiff within fifteen business days, but wanted to clarify that it was fifteen days from the day it received the signed settlement agreement. Plaintiff's counsel agreed with this but explained he did not want the settlement agreement to include language such as, "receipt in hand," meaning he did not want to sign the agreement (or have his client sign the agreement) with such language if the money was not given to him at that time. Defense counsel had not objection to that and agreed to make certain there was no such language in the agreement.

Defense counsel next pointed out that the parties had agreed to an indemnification provision that would apply should the IRS subsequently contact the defendant(s) and disagree that only twenty percent of the funds were taxable. Should that situation occur, defense counsel wanted to make certain it was on the record that the plaintiff would be responsible for any additional money owed to the IRS. With that, the court adjourned the proceeding and the parties and their respective counsel left the courtroom.

On July 15, 2014, the defendants filed the present motion to dismiss the action and enforce the settlement, and on August 25 the court held a hearing on the matter.

At the hearing on the present motion to enforce the settlement agreement, the plaintiff testified that she refused to sign the tendered settlement agreement. In support of her position, she testified that she believed counsel for both parties lied to her, but referenced the *ad damnum* clause of the complaint as if it were a guarantee of the outcome of the case. She also said that she did not "allege" anything, but spoke the truth about the defendants, clearly misunderstanding the phrase. She was also clearly upset about the standard denial of liability clause. Because she believed, wrongly as far as the court can perceive, that her own lawyer deceived her, he was apparently powerless to correct her misunderstandings. Plaintiff made it clear that she wished to have the agreement declared void so that she may proceed to trial. She did, however, admit that she agreed to the settlement as those terms were set out during the on-the-record hearing on the day of the settlement conference. Indeed, as she stepped down from the witness chair she stated that everything the court said on the record during the hearing immediately following the settlement conference was true.

## II. DISCUSSION

It is well settled in the Fifth Circuit that a federal court has the inherent power to enforce a settlement of litigation pending before it. *See White Farm Equipment Co. v. Kupcho*, 792 F.2d 526, 529 (5th Cir. 1986). The validity and enforcement of settlement agreements regarding Title VII claims is considered under federal law. *Fulgence v. J. Ray McDermott & Co.*, 662, F.2d 1207, 1209 (5th Cir. 1981). Under federal law, agreements to settle Title VII claims must be entered into voluntarily and knowingly. Such settlements are not required to be reduced to

3

writing, and oral settlement agreements are enforceable. Additionally, under federal law, "[o]ne who attacks a settlement must bear the burden of showing that the contract he has made is tainted with invalidity." *Mid-South Towing Co. V. Har-Win, Inc.*, 733 F.2d 386, 392 (5th Cir. 1984) (quoting *Callen v. Pa. R.R. Co.*, 332 U.S. 625, 630 (1948)). Under *Mid-South* the party opposing enforcement of the settlement based on a challenge to the validity of the agreement must be allowed an evidentiary hearing on disputed issues of the validity and scope of the agreement. *Mid-South*, 733 F.2d at 390.

With her response to the present motion to enforce the settlement agreement, the plaintiff argues there is no settlement because the parties did not agree to all the terms and conditions contained in the settlement agreement provided to her by the defendants. Consequently, she argues there has not been a meeting of the minds and thus no contract. *See Howard v. Total Fina E & P USA, Inc.*, 899 So. 2d 882, 889 (Miss. 2005). The undersigned concludes that though the settlement agreement tendered to the plaintiff included some provisions that were not discussed during mediation and to which the plaintiff did not agree, there is, nevertheless, an enforceable settlement agreement. To the extent that either party may have misunderstood whether these extra provisions were to be included, the court finds the provisions are not material to the contract to settle, and they are not a part of the agreement. *See Hunt v. Coker*, 741 So. 2d 1011, 1014 (Miss. 1999) ("If any essential terms are left unresolved, then no contract exists."); *Etheridge v. Ramzy*, 276 So. 2d 451, 454 (Miss. 1973) ("If the document or contract that the parties agree to make is to contain any material term that is not already agreed on, no contract has yet been made.").

The parties, represented by counsel, engaged in court-aided mediation. Each side had the opportunity during negotiations and even during the memorialization of the terms on the record, to seek to include any and all terms they deemed material to settling the case. Because these court-conducted mediations provide a time focused on the resolution of the litigation, and particularly where the terms are put on the record, presumptively, the parties included all terms they deemed material prior to announcing a settlement. Neither side reserved any issue for further discussion or negotiation. Having heard no evidence from any party to the contrary, the court finds that any additional terms in the settlement agreement or any terms inconsistent with the agreement in the record, are not material to the agreement and are unenforceable. Though the plaintiff now regrets her decision to compromise her claim, there was indeed a meeting of the minds and an enforceable contract for settlement.

## SANCTIONS AND ATTORNEYS' FEES

The court has considered the claim of the defendants that they should be awarded attorneys' fees and expenses in connection with the motion to enforce the settlement agreement. The court has reviewed not only the on-the-record recitation of the terms of the settlement, but the written settlement agreement presented to the plaintiff, which was included as an exhibit to the motion to enforce the settlement and dismiss the action. Because the settlement agreement contains terms and conditions that rendered the settlement less favorable to the plaintiff, including terms that were not discussed during the mediation, the plaintiff's opposition to the motion to enforce and her refusal to sign the agreement cannot be deemed unreasonable nor done in bad faith. Therefore, the undersigned recommends that no sanctions be imposed in this case.

## TERMS OF SETTLEMENT

The parties agreed to settle the plaintiff's claims against both defendants for a sum certain that would remain confidential, and all claims made in this action against all defendants should be finally dismissed with prejudice.

The parties agreed that the defendant would tender the proceeds of the settlement within fifteen days of receipt of an executed settlement agreement. If the plaintiff continues to refuse to sign the settlement agreement incorporating the terms of settlement, the proceeds should be paid within fifteen days of the judgment in this case becoming final.

The parties also agreed to a non-disparagement clause that would prohibit the plaintiff from disparaging the defendants, and likewise, prohibit the defendants from disparaging the plaintiff.

The parties agreed to a non-rehire clause as a term of the settlement. Plaintiff shall not seek employment with the defendants at any time. Should she do so, the defendants have the absolute right to refuse to consider any application made and the absolute right to refuse to re-hire the plaintiff.

The parties agreed that twenty percent of the settlement would be deemed taxable. The plaintiff agreed to be responsible for payment of taxes and to indemnify the defendants in the event that the Internal Revenue Service or other taxing authority challenged the stipulated allocation or otherwise sought recovery from the defendant. The defendants' draft agreement accurately reflects the agreement.

## MOTION TO WITHDRAW AND ATTORNEY'S LIEN

The plaintiff's attorney has filed a motion to withdraw and also requests that the court recognize a lien against the settlement proceeds for services to the plaintiff. The testimony of the plaintiff made it apparent that the attorney-client relationship in this instance is damaged. The undersigned recommends that the attorney be allowed to withdraw from representation in this action and that the court recognize and enforce the lien for legal services and expenses.

THE COURT, THEREFORE, RECOMMENDS that the defendants' motion to enforce the settlement (# 35) be granted, limited to the terms of settlement memorialized on the record; that each party shall bear their own costs; and that this action be dismissed with prejudice. It also recommends that the motion of plaintiff's counsel to withdraw and to assert a lien (# 45) should be granted.

The parties are referred to 28 U.S.C. § 636(b)(1) and Local Rule 72(a)(3) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections must be in writing and must be filed within fourteen days of this date. Failure to timely file objections to the proposed findings and recommendations will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions that are accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996). *Due to the postural procedure of this action, both plaintiff's counsel and the plaintiff may file objections to this report and recommendation.*

Plaintiff is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within fourteen days of this date. Plaintiff is warned that failure to comply with the requirements of this paragraph may

lead to the dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

    This the 18th day of September, 2014.

                                      /s/ David A. Sanders  
                                      UNITED STATES MAGISTRATE JUDGE